UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 24-23323-CIV-MARTINEZ

INTERAMERICAN FINANCIAL
CONSULTING GROUP, INC.,

    Plaintiff,

v.

BEST DOCTORS INSURANCE,
LIMITED,

    Defendant.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION

**THIS CAUSE** came before this Court on Defendant's Motion to Compel Arbitration (the "Motion"), (ECF No. 17). This Court has reviewed the Motion, Plaintiff's Response, (ECF No. 20), Defendant's Reply, (ECF No. 23), pertinent portions of the record, and applicable law and is otherwise fully advised in the premises. Accordingly, after careful consideration, the Motion is **GRANTED** for the reasons set forth herein.

## BACKGROUND

Plaintiff acts as a Master General Agent in the insurance industry, selling insurance policies on behalf of different insurance companies through its brokers. (Compl. ¶¶ 11–12, ECF No. 1.) On December 31, 2019, Plaintiff and Defendant entered into an Insurance Agent Agreement (the "Agreement") in which Defendant appointed Plaintiff as a Master General Agent to sell Defendant's insurance policies. (*Id.* ¶ 14; ECF No. 1-1.) Plaintiff alleges that on June 10, 2024, Defendant falsely terminated the Agreement. (Compl. ¶¶ 17–19.) Plaintiff then initiated this action alleging breach of contract (Count I) and declaratory judgment (Count II). (Compl. at 6–7.)

Defendant now moves to compel arbitration because the Agreement contains a clause that provides for choice of law, forum, and arbitration. Specifically, the clause states:

> Governing Law; Resolution of Disputes. This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware, U.S.A. applicable to contracts made and to be performed entirely within such State, without regard to the conflict of laws principles of such State. Any disputes relating to this Agreement that cannot be resolved through good faith negotiation between the parties shall be finally resolved by binding arbitration to be conducted in Boston, MA pursuant to the rules of the International Chamber of Commerce.

(ECF No. 1-1 § E(1)). Plaintiff argues in response that Defendant is precluded from enforcing the arbitration clause due to its repudiation of the Agreement, that the arbitration clause is illusory, and that the forum selection clause is unreasonable and unconscionable. (*See generally* Resp.)

## **LEGAL STANDARD**

In considering Defendant's request to compel arbitration, this Court first looks to the Federal Arbitration Act, 9 U.S.C. §§ 1–16 (the "FAA"), which governs the interpretation and enforceability of arbitration provisions. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) ("[The FAA] create[s] a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act."). The FAA establishes a strong federal policy in favor of arbitration by providing that a written agreement to arbitrate "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. Accordingly, "federal law presumptively favors the enforcement of arbitration agreements." *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 133 F.3d 225, 231 (3d Cir. 1998). The rationale behind this policy is to enforce private contractual agreements. *E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 194 (3d Cir. 2001). Under the FAA "a court may only compel a party to arbitrate where that party has entered into a written agreement to arbitrate that covers the dispute." *E.I. DuPont*, 269 F.3d at 194 (quoting *Bel–Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 444 (3d Cir. 1999)).

"A district court decides a motion to compel arbitration under the same standard it applies to a motion for summary judgment. *Kaneff v. Delaware Title Loans, Inc.*, 587 F.3d 616, 620 (3d Cir. 2009). The nonmoving party is given the benefit of all reasonable doubts and inferences. *Id.* Summary judgment is appropriate "when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Oral Cancer Prevention Int'l, Inc. v. Johnson & Johnson*, No. 3:11-CV-3878 PGS, 2011 WL 6130599, at *2 (D.N.J. Dec. 7, 2011).

## ANALYSIS

Plaintiff first argues that because Defendant terminated the agreement, it is precluded from compelling arbitration. (Resp. at 3–4.) Plaintiff primarily relies on *DaimlerChrysler Corp. v. Matthews*, 848 A.2d 577, 581–82 (Del. Ch. 2004), in which the court found that the plaintiff's failure to honor its obligations constituted a repudiation that precluded it from compelling arbitration. However, as Defendant notes, *DaimlerChrysler* involved the repudiation of *arbitration itself* by the party invoking arbitration, not repudiation of the contract. The *DaimlerChrysler* court explained:

> The supposedly "binding" arbitration clause that DaimlerChrysler seeks to invoke allows Matthews to first request nonbinding arbitration, a request that Matthews made and DaimlerChrysler refused before Matthews filed suit. That refusal constituted a repudiation of the arbitration agreement that precludes DaimlerChrysler from enforcing that agreement against Matthews.

*Id.* at 578. Here, Defendant did not repudiate the arbitration provision it seeks to enforce. The Agreement requires arbitration, and claims "arising under" the contract include those Plaintiff alleges in the Complaint. In fact, there are cases holding that "a party can still be compelled to arbitrate despite the rejection, or breach, of the underlying agreement." *In re Fleming Companies, Inc.*, 325 B.R. 687, 693 (Bankr. D. Del. 2005); *see, e.g., Southeastern Pa. Transp. Auth. v. AWS Remediation, Inc.*, 2003 WL 21994811 at *3 (E.D.Pa. Aug.18, 2003) (holding that arbitration

clause survived debtor's rejection of contract); *Societe Nationale Algerienne Pour La Recherche v. Distrigas Corp.*, 80 B.R. 606, 609 (D.Mass. 1987) (holding that arbitration provision is a separate undertaking which survives debtor's rejection of the underlying agreement). As the Court explained in the *Southeastern Pennsylvania Transportation Authority* case:

> The argument that a party's unilateral termination of a contract voids the arbitration clause fails for obvious reasons. To allow a party to avoid arbitration by simply terminating the contract would render arbitration clauses illusory and meaningless . . . A party not wishing to arbitrate its alleged breach could simply terminate that contract and avoid any obligation to arbitrate.

2003 WL 21994811 at *3. The *In re Fleming Companies, Inc.* court also agreed with the conclusion that "rejection of a contract, or even breach of it, will not void an arbitration clause." 325 B.R. at 693–94. The court noted that arbitration is in fact sought when there is a breach of the agreement by one of the parties and that "[a]ny different conclusion would allow a party to avoid arbitration at will simply by breaching the contract." *Id.* at 694. Therefore, even though Defendant allegedly "repudiated" the Agreement, this Court finds that the arbitration clause is still enforceable.

Next, Plaintiff argues that the arbitration clause is illusory because a clause in the Agreement "provides [Defendant] the right to change the terms of the arbitration clause at any time providing [Plaintiff] with only an option to accept the change or terminate the . . . Agreement." (Resp. at 5–6; ECF No. 1-1 § C(3)). This Court agrees with Defendant that potential for amendment does not make a contract illusory. *See Carey's Home Constr., LLC v. Estate of Myers*, No. CV S11C-10-029 RFS, 2014 WL 1724835, at *6 (Del. Super. Ct. Apr. 16, 2014) ("Contracts are to be interpreted in a way that does not render any provisions illusory or meaningless."). Here, the parties assented to and entered into the Agreement. "A party to a contract cannot silently accept its benefits, and then object to its perceived disadvantages . . . ." *Graham v. State Farm Mut. Auto. Ins. Co.*, Del.Supr., 565 A.2d 908, 913 (1989).

Lastly, Plaintiff argues that the forum selection clause, which requires arbitration in Boston, is unreasonable and unconscionable because there is no connection to Boston in this dispute and because submitting the action to arbitration would be unreasonably expensive for Plaintiff. (Resp. at 6.) "Courts have generally recognized that the doctrine of unconscionability involves both 'procedural' and 'substantive' elements." *Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 265 (3d Cir. 2003). "Procedural unconscionability pertains to the process by which an agreement is reached and the form of an agreement, including the use therein of fine print and convoluted or unclear language." *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 181 (3d Cir. 1999). The party challenging the contract must also establish "substantive unconscionability." *Alexander*, 341 F.3d at 265 (3d Cir. 2003). "This element refers to terms that unreasonably favor one party to which the disfavored party does not truly assent." *Id.* Here, Plaintiff articulates no cognizable procedural or substantive unconscionability. Moreover, Plaintiff's forum selection objection relies upon a case involving a franchise agreement that the parties entered into when "out-of-state forum selection provisions in franchise agreements were not enforceable under California law." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1290 (9th Cir. 2006). Also, in the *Nagrampa* case, the court noted that "[t]he parties' bargaining positions were unequal, resulting in an oppressive contract of adhesion containing a forum selection clause that places venue in Boston, Massachusetts, only a few miles away from [Defendant's] headquarters in Avon, but three thousand miles away from [Plainitff's] home." *Id.* at 1289. "A contract of adhesion is one which is prepared by the party with excessive bargaining power who presents it to the other party for signature on a take-it-or-leave-it basis." *Alexander*, 183 F.3d at 265. Here, Plaintiff has not demonstrated unequal bargaining positions or that the Agreement is an adhesion contract.

5

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Motion, (ECF No. 17), is **GRANTED**.

2. This case is **DISMISSED** without prejudice as set forth herein.

3. The Clerk is **DIRECTED** to mark this case as **CLOSED** and deny all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31 day of January 2025.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record